UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DELANO,

        Petitioner,

                         Case No. 07-13287

v.

                         Honorable Patrick J. Duggan

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 5, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Leonard Delano has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Facility in Milan, Michigan, challenges the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as a halfway house. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus.

I.

Petitioner does not identify in his petition the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he

was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's inmate locator database lists Petitioner's projected release date as May 31, 2008.

In his pleadings, Petitioner challenges the validity of BOP regulations, 28 C.F.R. §§ 570.20 and 570.21, which categorically limit the BOP's authority to place offenders in CCCs prior to the final ten percent or six months of their sentences, whichever is less.

II.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324 (1984). The injury "must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is . . . concrete and particularized.'" *Raines v. Byrd*, 521 U.S. 811, 819, 117 S. Ct. 2312, 2317 (1997)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2310, 2316 (1992)).

In this case, Petitioner has not alleged facts to establish that he has standing to bring this habeas action. He has not shown that but for 20 C.F.R. §§ 570.20 and 570.21 he would be eligible for CCC placement consideration or that the BOP has applied the disputed policy to him. Given such circumstances, the Court finds that Petitioner has

failed to establish that he has Article III standing to bring this action. His petition must therefore be dismissed.

III.

The Court concludes that Petitioner has not established that he has standing to bring this action.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
Leonard Delano  
#26502-039  
FCI Milan  
Federal Correctional Institution  
P.O. Box 1000  
Milan, MI 48160